The receipts signed by the defendant are to be construed with reference to the subject to which they relate. When they were given, the assets of the St. Lawrence Bank were in the hands of the plaintiff as the receiver. The defendant claimed to be, and was in fact, a creditor of that institution; but, as it was insolvent, he could not and did not expect to receive payment in full of his debt, but only his proportion of the avails of the property when it should be turned into money and be ready for distribution. *Page 403 
But in the mean time he was disposed to become the purchaser, from the receiver, of portions of the assets, which the latter was engaged in selling. The receiver agreed that he might become the purchaser upon credit, and that he should not be called upon to pay the amount of his purchases until the dividend should be ascertained. Until that time the receiver would have no occasion to use the money; and, moreover, it was just and proper that he should be allowed, against his contemplated purchases, such an amount as would be equal to the dividend which would be payable to him as a creditor. But as the amount of such dividend could not then be known, the adjustment of the amount (if anything) which he should eventually have to pay the receiver was to be postponed until the matter was in a state to be finally wound up. Construed in the light of this situation of things, the receipts are perfectly intelligible. Take, for instance, the first one: the balance of the purchase, it is stated, is for the present "to stand unpaid." If the defendant is eventually found to be entitled to a dividend, "this balance is to apply as anadvanced dividend of this date." "What is not so applied," that is, the whole amount if there is no dividend, or the balance if the dividend is less than the amount of the purchase money unpaid, the defendant agreed to account for "as so much money advanced by him to my use on this date." The intention that the defendant should allow interest on his purchase appears to me as clear as it would be if that term had been used. The last sentence is a circumlocution precisely equivalent to an engagement to pay interest. Money advanced to one's use at his request draws interest without any special contract on the subject of interest. (3 Cow., 436; 5 id., 587.) These parties agreed that this should be placed precisely upon the footing of money advanced. The first sentence quoted from the receipt is of the same import. The parties expected that money would be payable to the defendant, at *Page 404 
a future uncertain day, out of the assets of this broken bank. They agreed that an equivalent portion of his purchase money should be considered as cash advanced by the receiver in anticipation of the time when the defendant would be entitled to receive the dividend. Money advanced, as before remarked, carries interest. But to show at what time the advance was to be considered as made, with a view, as we may fairly intend, of reckoning the interest, this advance is to be considered as made of "this date."
The defendant's dividend is his share of the assets according to the proportion which his debt against the bank bears to all the debts of that institution. In this suit it is to be presumed that the distribution of the assets was fairly and correctly made. In arriving at the amount of the assets, it was the duty of the receiver to reckon the principal and interest of the defendant's obligations, contained in the receipts, in the same manner as though some other person had purchased the property of the receiver on credit. In this manner the defendant is placed upon an equality with the other creditors. He pays legal interest upon the advances which have been made to him, and he gets, as a creditor, his proportion of that interest in his dividend. There was nothing unliquidated in the demand of the receiver; and the fact that the claim, which was to be allowed against it, was unascertained, had no influence upon the question of interest. The price of the property which the defendant had of the receiver was, by the express terms of the instruments, considered as the advance of a precise sum. The law respecting unliquidated accounts is inapplicable to the case.
All the receipts are substantially alike. The amount is expressed in each one to be an advanced dividend.
I am of opinion therefore that the verdict was arrived at on correct principles, and that the judgment should not be disturbed. *Page 405 
COMSTOCK and BROWN, Js., did not hear the argument; all the other judges concurring,
Judgment affirmed.